**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

MELVIN ISAO CRUZ AGUIRRE,

Petitioner,

v. Action No. 2:26cv887

JEFFREY CRAWFORD,
Warden, Farmville Detention Center, et al.,

Respondents.

**UNITED STATES MAGISTRATE JUDGE'S**
**REPORT AND RECOMMENDATION**

This matter is before the Court on the 28 U.S.C. § 2241 petition filed by Melvin Isao Cruz Aguirre ("petitioner"), a detainee of United States Immigration and Customs Enforcement ("ICE"), seeking release or a bond hearing. ECF No. 1. The matter was referred to the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Rule 72 of the Local Rules of the United States District Court for the Eastern District of Virginia. ECF No. 5.

For the reasons discussed below, it is hereby **RECOMMENDED** that the petition for a writ of habeas corpus, ECF No. 1, and the motion for a temporary restraining order, ECF No. 2, be **GRANTED in part** and **DENIED in part** and respondents provide petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is a 34-year-old native and citizen of El Salvador. ECF No. 8-1, at 2. On April 19, 2023, a customs and border protection agent encountered petitioner in New Mexico and

determined petitioner entered the United States from Mexico. *Id.* On April 20, 2023, agents received information from international law enforcement that petitioner had gang associations and a criminal history in El Salvador involving aggravated extortion. *Id.* On April 23, 2023, petitioner was processed for expedited removal pursuant to 8 U.S.C. § 1225(b)(1)(A). *Id.*; ECF No. 8-2, at 1–3.

On May 1, 2023, petitioner expressed a fear of returning to El Salvador and was interviewed by an asylum officer who issued a negative fear determination on May 4, 2023. ECF No. 8-1, at 3. On May 18, 2023, an immigration judge vacated the negative fear determination. *Id.* The Department of Homeland Security ("DHS") released petitioner on an order of release on recognizance on May 25, 2023. *Id.* Petitioner filed for asylum on July 26, 2024, and was improperly assigned a new alien identification number. ECF No. 8-1, at 3; ECF No. 13.

As a notice to appear ("NTA") had not previously been issued, petitioner was issued a NTA on March 18, 2026. *Id.*; ECF No. 8-3, at 1–5. The NTA charged him with being present in the United States without being admitted or paroled, or who arrived in the United States at a time or place not designated by the Attorney General, and subject to removal pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). ECF No. 8-3, at 3.

On July 31, 2026, DHS arrested petitioner at his residence due to the previously identified gang affiliation. ECF No. 8-1, at 3. On August 31, 2026, DHS reissued petitioner a NTA that charged him with being inadmissible under 8 U.S.C. § 1182(a)(7)(A)(i)(I) as an immigrant who, at the time of admission, was not in possession of valid immigration documents. *Id.* at 4. DHS also moved to dismiss the NTA issued in March 2026 for "being improvidently issued," and the motion remained pending as of September 8, 2026. *Id.* at 4.

On August 20, 2026, while detained at the Farmville Detention Center in Farmville, Virginia, petitioner submitted a 28 U.S.C. § 2241 petition to this Court alleging his re-detention without notice, a revocation of his bond, or a legal basis for the re-detention is unconstitutional. ECF No. 1, at 6–7, 14–17. Petitioner seeks release or a constitutionally adequate bond hearing. *Id.* at 7, 17–18. Petitioner submitted a motion for a temporary restraining order the same day seeking the same relief. ECF No. 2. Petitioner has not been provided with a bond hearing, and his removal proceedings remain pending as of September 8, 2026. ECF No. 8-1, at 4. Federal respondents opposed the petition on September 8, 2026, asserting petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225. ECF No. 8. Petitioner replied on September 14, 2026. ECF No. 14.

## II. LEGAL STANDARD

A federal court may grant habeas relief only on the ground that a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." *Torrence v. Lewis*, 60 F.4th 209, 213 (4th Cir. 2023) (quoting *Weeks v. Angelone*, 176 F.3d 249, 262 (4th Cir. 1999)). After receiving the petition and any response, "[t]he court shall summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. "[T]he heart of habeas corpus," the Supreme Court has noted, is to allow a detainee to "challeng[e] the fact or duration of his physical confinement," and to "seek[] immediate release or a speedier release from that confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 498 (1973).

As a threshold matter, 8 U.S.C. § 1252(a)(2)(A) does not divest this Court of jurisdiction under 28 U.S.C. § 2241 to review the legality of petitioner's detention. *See Luna Sanchez v. Bondi*, No. 1:25cv1888, 2025 WL 3191922, at *3 (E.D. Va. Nov. 14, 2025); *see also Suri v. Trump*,

184 F.4th 260, 284–98 (4th Cir. 2026) (finding neither 8 U.S.C. §§ 1252(b)(9) nor 1252(g) divests this Court of jurisdiction).

## III. ANALYSIS

### *A. Detention Under 8 U.S.C. §§ 1225 and 1226*

Section 1225(a) provides that "[a]n alien present in the United States who has not been admitted or who arrives in the United States . . . shall be deemed for purposes of this chapter an applicant for admission." 8 U.S.C. § 1225(a)(1). Section 1225(b)(1) applies to noncitizens who are placed into expedited removal proceedings and provides that they are to be removed "without further hearing or review" unless they "indicate[] either an intention to apply for asylum . . . or a fear of persecution," which triggers referral for an asylum interview. *Id.* § 1225(b)(1)(A)(i)–(ii).

Section 1226, in contrast, establishes "the default rule" for detaining and removing aliens "already in the country." *Jennings v. Rodriguez*, 583 U.S. 281, 288–89 (2018). Section 1226, titled "[a]pprehension and detention of aliens," provides that, "[o]n a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). Pending the removal decision, the Attorney General may "continue to detain the arrested alien," "release the alien on . . . bond of at least $1,500," or "release the alien on . . . conditional parole." *Id.* § 1226(a)(1)–(2). Individuals subject to detention under section 1226(a) are entitled to a bond hearing.

As determined by the Fourth Circuit and multiple opinions in this district, section 1225(b) applies to aliens seeking admission to the United States and section 1226(a) applies to aliens already present in the United States. *Lopez Garcia v. Guadian*, ---F.4th---, 2026 WL 2661092, at *21 (4th Cir. Sept. 10, 2026); *Velasquez v. Noem*, No. 3:25cv998, 2026 WL 279226, at *3–5 &

n. 14 (E.D. Va. Feb. 3, 2026). The issue becomes whether petitioner is detained subject to section 1226, which permits bond determinations, rather than section 1225, which does not.

***B. Release on Recognizance under 8 U.S.C. § 1226***

After entering the United States, petitioner was detained and placed into expedited removal proceedings in 2023. ECF No. 8-1, at 2. When an immigration judge found he had a credible fear of return to El Salvador, however, petitioner was released pursuant to an "Order of Release on Recognizance." *Id.* at 3. Despite the Court's order that respondents include with the responsive filing documents regarding "petitioner's release on recognizance," ECF No. 6, respondents have failed to provide the Court with petitioner's order of release on recognizance. *See* ECF No. 8. According to the ICE website, an order of release on recognizance (Form I-220A) states "[i]n accordance with section 236 of the Immigration and Nationality Act [8 U.S.C. § 1226] and the applicable provisions of Title 8 of the Code of Federal Regulations, you are being released on your own recognizance provided you comply with the following conditions," such as, reporting as directed by ICE and surrendering for removal from the United States if so ordered. DHS, *Order of Release on Recognizance*, www.ice.gov/doclib/detention/checkin/I_220A_OREC.pdf (last visited Sept. 21, 2026).

According to the declaration of Justin Richardson, acting assistant field office director, "DHS had identified [p]etitioner's gang affiliation and determined his removability and alienage during the investigation. Based on this information, on July 31, 2026, DHS arrested [p]etitioner during a targeted operation at his residence." ECF No. 8-1, at 3. The declaration further stated, "[o]n April 20, 2023, U[.]S. Border Patrol Agents received information from international law enforcement that [p]etitioner had associations with 18th Street Gang and had [a] criminal history

in El Salvador involving aggravated extortion." *Id.* at 2. The information regarding petitioner's gang affiliation was known prior to petitioner's release on May 25, 2023. *Id.* at 2–3. Respondents have not asserted any new information was obtained after petitioner's release and prior to his arrest in 2026. Despite an order to include documents with the responsive pleading pertaining to "the decision to revoke [petitioner's] bond," ECF No. 6, respondents have included no documents reflecting the decision made in July 2026 to revoke petitioner's bond and arrest him. *See* ECF No. 8, at 2–3.

Courts in this district have determined that detainees similar to petitioner are detained pursuant to section 1226 as opposed to section 1225. *See Luna Sanchez v. Bondi*, No. 1:25cv1888, 2025 WL 3191922 (E.D. Va. Nov. 14, 2025); *Portillo-Argueta v. Simon*, No. 1:25cv2285, 2026 WL 184194 (E.D. Va. Jan 23, 2026). Like petitioner, these detainees were originally placed in expedited removal, later transferred into standard removal proceedings after a finding that there was a credible fear of returning to their country of origin, released under a bond pursuant to section 1226(a), and later re-detained in civil immigration custody. *See Luna Sanchez*, 2025 WL 3191922, at *1–2; *Portillo-Argueta*, 2026 WL 184194, at *1–2; *see also Quispe-Ardiles v. Noem*, No. 1:25cv1382, 2025 WL 2783800, at *6–7 (E.D. Va. Sept. 30, 2025) (finding petitioner detained under section 1226 where he was initially released on his own recognizance and several years later was re-detained in civil immigration custody). As in these cases, petitioner's release on recognizance pursuant to section 1226(a) constitutes strong evidence that his current detention is governed by section 1226 and not section 1225. *See Luna Sanchez*, 2025 WL 3191922, at *4; *Portillo-Argueta*, 2026 WL 184194, at *4.[1]

[1] Respondents rely on two cases to support the argument that a petitioner who was released on

Under 8 U.S.C. § 1226(b), DHS "may revoke a bond or parole authorized under [section 1226(a)], rearrest the alien under the original warrant, and detain the alien." 8 U.S.C. § 1226(b); *see Hasan v. Crawford*, 800 F. Supp. 3d 641, 655 (E.D. Va. 2025) (distinguishing between temporary parole for humanitarian reasons or public benefit under section 1182(d)(5)(A) and release on recognizance pursuant to section 1226(a)(2)(B)). But, "the BIA has held that, where a previous bond determination has been made by an immigration judge, no change should be made . . . absent a change of circumstance." *Luna Sanchez*, 2025 WL 3191922, at *4 (quotation omitted). Respondents have failed to show any change in circumstances justifying the revocation of petitioner's release on recognizance and have not provided any justification for petitioner's continued detention without bond. Accordingly, petitioner's continued detention without a bond hearing violates his right to substantive and procedural due process and he is entitled to a fair hearing under section 1226(a) to determine whether he should continue to be detained pending the conclusion of the removal proceedings.

## IV. RECOMMENDATION

For all these reasons, the Court **RECOMMENDS** that the petition, ECF No. 1, and the motion for a temporary restraining order, ECF No. 2, be **GRANTED in part** and **DENIED in part**, and an order outlining the following be entered:

---

bond and later re-detained remains an "applicant for admission." ECF No. 8, at 8–9. The petitioner in *Pipa-Aquise v. Bondi*, was released from custody on parole as opposed to being released on bond, and a different analysis would apply. No. 1:25cv1094, 2025 WL 2490657, at *1 (E.D. Va. Aug. 5, 2025). Although the petitioner in *Romero v. Bondi* was released on bond prior to being re-detained, the Court does not find persuasive the underlying rationale—that section 1226(a) only applies to noncitizens who have been given legal status and subsequently placed into removal proceedings. No. 1:25cv993, 2025 WL 2490659, at *3 (E.D. Va. July 2, 2025).

- Petitioner should be provided with a constitutionally adequate bond hearing by an Immigration Judge pursuant to 8 U.S.C. § 1226(a) within 14 days of entry of the final order;[2]
- Respondents should be enjoined from denying bond to petitioner on the basis that he is detained pursuant to 8 U.S.C. § 1225(b)(2);
- in the event petitioner is released on bond by an Immigration Judge, respondents should be enjoined from rearresting petitioner, unless (1) he has committed a new violation of any federal, state, or local law, (2) he has failed to attend any properly noticed immigration or court hearing, (3) he is subject to detention pursuant to a final order of removal, or (4) the order granting bond is vacated or revoked on a ground other than that petitioner is detained under section 1225(b)(2); and
- Respondents should be required to file a status report on the status of petitioner's bond hearing within three days of the bond hearing. The status report will detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

To the extent that petitioner seeks immediate release, the petition and motion for a temporary restraining order should be **DENIED**.

## V. REVIEW PROCEDURE

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

---

[2] This is intended to ensure petitioner has adequate time to receive this order and the notice of his hearing date sufficiently in advance of the hearing to permit him to prepare and present evidence to the immigration judge.

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, *see* 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. *See* Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2. A district judge shall make a *de novo* determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this Court based on such findings and recommendations. *Thomas v. Arn*, 474 U.S. 140 (1985); *Carr v. Hutto*, 737 F.2d 433 (4th Cir. 1984); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

/s/
Robert J. Krask
United States Magistrate Judge

Norfolk, Virginia
September 21, 2026

**Clerk's Mailing Certificate**

A copy of the foregoing was provided electronically to counsel for respondents and was mailed this date to:

Melvin Isao Cruz Aguirre
A# 246-959-948
Farmville Detention Center
P.O. Nox N
Farmville, VA 23901

Laura Griffin, Clerk

/s/ J.L. Meyers
By________________________
Deputy Clerk

September 21, 2026